IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CHARLENE HAYES SIMPSON and  )
JOISHA ARTOR SIMPSON,        )
                             )
     Plaintiffs,             )
                             )       CIVIL ACTION NO.
     v.                      )        2:16cv701-MHT
                             )           (WO)
PRIMERICA LIFE INSURANCE     )
CO., and ROBERT NELSON,      )
individually and in his      )
official capacity,           )
                             )
     Defendants.             )

ADDENDUM TO OPINION AND ORDER

Defendants have removed this lawsuit to federal court three times. A district court is without jurisdiction to reconsider an earlier decision to remand a case, even if that earlier decision was erroneous. See In re Loudermilch, 158 F.3d 1143, 1145 (11th Cir. 1998). "[T]he state court proceedings are to be interfered with once, at most." Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992) (quoting In re La Providencia Development Corporation, 406 F.2d 251, 252 (1st Cir.

1969)). As the Eleventh Circuit Court of Appeals has

explained:

> "Removal in [a] diversity case, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.
>
> . . .
>
> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than the phrase 'on appeal or otherwise' [in 28 U.S.C. § 1447(d)]. The district court has one shot, right or wrong."

Harris, 951 F.2d at 330 (quoting In re La Providencia

Development Corporation, 406 F.2d at 252-253).

Here, defendants essentially asked the

court--albeit based on what they framed as additional

evidence--to reconsider its prior decision remanding

the case to state court; that is, they improperly asked

the court to take more than "one shot, right or wrong."

<u>Id</u>.  This they cannot do.  It is time to stop this game of ping pong and to allow this case to proceed in state court.

DONE, this the 3rd day of July, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**